IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN POLNICKY,

        Plaintiff,

   v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY LONG TERM DISABILITY PLAN,

        Defendants.
                                       /

No. C 13-1478 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Cross-motions for summary judgment, filed by plaintiff Steven Polnicky and defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Wells Fargo & Company Long Term Disability Plan ("the Plan"), are scheduled for hearing on November 22, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion for summary judgment and DENIES defendants' motion for summary judgment.

**BACKGROUND**

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq*. The Plan is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1). Docket No. 27, Morris Decl. ¶ 3. The Plan is established and sponsored by Wells Fargo & Company for the benefit of its employees. *Id.* The Plan is insured by a group disability income policy

issued by Liberty Life to Wells Fargo, Policy No. GF3-850-289424-01 ("the Policy"). *Id.* ¶ 4; Docket No. 26, McGee Decl. ¶ 3. The Policy has an effective date of January 1, 2010, and the Policy's anniversaries occur each January 1st beginning in 2011. Docket No. 27-1, Morris Decl. Ex. A.

Plaintiff was employed by Wells Fargo and was a covered participant in the Plan. Docket No. 1, Compl. ¶ 7. On March 30, 2011, plaintiff submitted a claim for disability benefits to Liberty Life under the Wells Fargo & Company Short Term Disability Plan with a disability date of March 30, 2011. Docket No. 26, McGee Decl. ¶ 8, Ex. C. Liberty Life approved plaintiff's short term disability claim and plaintiff was paid benefits through September 27, 2011, the maximum duration for short term disability. *Id.* ¶ 10, Ex. E.

On August 12, 2011, Liberty Life began its investigation of plaintiff's claim for long term disability benefits under the Plan. Docket No. 26, McGee Decl. ¶ 11, Ex. F. The disability date for plaintiff's long term disability claim was also March 30, 2011. *Id.* On October 10, 2011, Liberty Life sent plaintiff a letter stating that he would receive long term disability benefits under the Policy while Liberty Life continued its investigation into his claim. *Id.* ¶ 12, Ex. G. On June 1, 2012, Liberty Life sent a letter to plaintiff stating that it had determined that plaintiff was not entitled to long term disability benefits under the Policy. *Id.* ¶ 13, Ex. H. Plaintiff appealed Liberty Life's denial of benefits. *Id.* ¶ 14. On February 19, 2013, Liberty Life sent a letter to plaintiff denying his appeal and upholding its prior determination that he was not entitled to long term disability benefits under the Policy. *Id.* ¶ 14, Ex. I.

On April 2, 2013, plaintiff filed a complaint against defendants, alleging a cause of action under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to him under the terms of his plan. Compl. ¶¶ 6-17. By the present motions, the parties move for summary adjudication of whether the de novo or abuse of discretion standard of review applies to plaintiff's ERISA claim. Docket Nos. 25, 28.

**LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to

disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

**DISCUSSION**

A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc) ("De novo is the default standard of review."). "To assess the applicable standard of review, the starting point is the wording of the plan." *Abatie*, 458 F.3d at 962-63. "[F]or a Plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the Plan must unambiguously provide discretion to the administrator." *Id.* at 963. Discretion is unambiguously

3

vested in the administrator when the words in the plan give the plan administrator the authority to interpret the plan's terms and to make final benefits determinations. *Id.* at 963-64.

Defendants argue that the abuse of discretion standard applies because the Plan as last amended in 2011 contains an express grant of discretionary authority to defendant Liberty Life. Docket No. 25, Def.'s Mot. at 5-6; Docket No. 38, Def.'s Reply at 2-4. Plaintiff argues that the de novo standard applies because any grant of discretionary authority contained in the Plan was rendered void and unenforceable by California Insurance Code § 10110.6 when the Plan was renewed on January 1, 2012. Docket No. 28-1, Pl.'s Mot. at 9-15.

California Insurance Code § 10110.6 provides in relevant part:

> (a) If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.
>
> (b) For purposes of this section, "renewed" means continued in force on or after the policy's anniversary date.
>
> (c) For purposes of this section, the term "discretionary authority" means a policy provision that has the effect of conferring discretion on an insurer or other claim administrator to determine entitlement to benefits or interpret policy language that, in turn, could lead to a deferential standard of review by any reviewing court.
>
> . . .
>
> (g) This section is self-executing. If a life insurance or disability insurance policy, contract, certificate, or agreement contains a provision rendered void and unenforceable by this section, the parties to the policy, contract, certificate, or agreement and the courts shall treat that provision as void and unenforceable.

Cal. Ins. Code § 10110.6.[1] Section 10110.6 was made effective January 1, 2012. *Id.* The Policy at issue has an effective date of January 1, 2010 and states that policy anniversaries "shall occur each January 1st beginning in 2011." Docket No. 27-1, Morris Decl. Ex. A at 1. Therefore, under Insurance Code § 10110.6, when the Policy was continued in force after its January 1, 2012 anniversary date, any provision in the Policy attempting to confer discretionary authority to Liberty Life was rendered void

---

[1] The parties do not dispute that California Insurance Code § 10110.6 applies to the Policy because plaintiff is a California resident. *See* Cal. Ins. Code § 10110.6(a).

4

and unenforceable. Cal. Ins. Code § 10110.6(a), (b); *see also Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012) ("Under California law, 'insurance policies are governed by the statutory and decisional law in force at the time the policy is issued. Such provisions are read into each policy thereunder, and become a part of the contract with full binding effect upon each party.' This principle governs not only new policies but also renewals: Each renewal incorporates any changes in the law that occurred prior to the renewal." (citations omitted)).

However, this determination does not end the Court's analysis. The parties dispute whether the controlling plan is the Plan as it existed in 2011, when plaintiff first became disabled, or the Plan as it existed in 2013, when Liberty Life issued it final denial of plaintiff's claim. Def.'s Mot. at 10-14; Pl.'s Mot. at 14-15. The Ninth Circuit has addressed this precise issue. In *Grosz-Salomon v. Paul Revere Life Ins. Co.*, the plaintiff became disabled prior to an amendment to the relevant plan in October 1993 conferring discretionary authority to the defendant plan administrator, but the plaintiff's claim for benefits was not denied until 1997. *See* 237 F.3d 1154, 1157-58 (9th Cir. 2001). The Ninth Circuit held that the amended plan was the controlling plan. *See id.* at 1160-61. The Ninth Circuit explained that an employee's rights under an ERISA welfare benefit plan do not automatically vest and employers are free to amend or terminate ERISA welfare benefit plans unilaterally unless employees have bargained for contractually vested rights. *Id.* at 1160 & n.24. Therefore, the controlling plan was the plan that existed when the plaintiff's ERISA cause of action accrued—at the time his benefits were denied. *See id.* at 1159-61; *see also Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1501 (9th Cir. 1984) ("[A]n ERISA cause of action based on a denial of benefits accrues at the time the benefits are denied.").[2] Here, defendants concede that plaintiff's claim is for non-vested employee welfare benefits.

---

[2] Defendants argue that under California law, an insured's disability claim is governed by the terms of the insurance policy at the time the disability claim arose. Def.'s Mot. at 10-12; Def.'s Reply at 9-10. Even assuming defendants are correct, plaintiff's claim is brought pursuant to ERISA, not California insurance law. Therefore, federal common law and the Ninth Circuit's holding in *Grosz-Salomon* apply to the determination of the controlling plan, not the state law authorities cited by defendants. *See Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 649 (9th Cir. 2000) ("[T]he accrual of an ERISA cause of action is determined by federal, rather than state, law."); *see also Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 (9th Cir. 1984) ("The courts are directed to formulate a nationally uniform federal common law to supplement the explicit provisions and general policies set out in ERISA, referring to and guided by principles of state law when appropriate, but governed by the federal policies at issue."). In addition, although under

5

Def.'s Reply at 4, 7. Therefore, the controlling plan in this action is the plan that existed at the time plaintiff's benefits were denied, the Plan as it existed in 2013. *See Grosz-Salomon*, 237 F.3d at 1159-61. Because any provision in the controlling plan, the 2013 version of the Plan, attempting to confer discretionary authority to Liberty Life was rendered void and unenforceable by California Insurance Code § 10110.6, the de novo standard of review applies to plaintiff's claim.[3]

Defendants argue that this is an improper extension of *Grosz-Salomon* because that case merely holds that the amended plan in existence at the time of the final claim denial is the operative plan. Def.'s Reply at 2-3. Defendants further argue that *Grosz-Salomon* does not stand for the proposition that the plan language in effect at the time of the final claim denial, as modified by all prior legislative enactments, is the operative plan. *Id.* The Court disagrees. There is no language in *Grosz-Salomon* stating that its holding is limited to express amendments to the plan made by the plan sponsor and that its holding does not apply to amendments to the plan made by legislature. The Ninth Circuit has explained that any statutory provisions in force at the time of a policy renewal "'are read into each policy thereunder, and become a part of the contract with full binding effect upon each party.'" *Stephan*, 697 F.3d at 927 (quoting *Interins. Exch. of the Auto. Club of S. Cal. v. Ohio Cas. Ins. Co.*, 58 Cal. 2d 142, 148 (1962)).[4]

---

California insurance law, an insured's right to disability benefits becomes vested once the disability claim arises, Def.'s Reply at 9, an employee's rights under an ERISA welfare benefit plan do not automatically vest. *Grosz-Salomon*, 237 F.3d at 1160 & n.24; *see also Serrato by & Through Serrato v. John Hancock Life Ins. Co.*, 31 F.3d 882, 887 (9th Cir. 1994) ("ERISA preempts California's purported 'vesting' rule").

[3] Defendants argue that the application of Insurance Code § 10110.6 to plaintiff's claim is an impermissible retroactive application of the statute. Def.'s Mot. at 7-9; Def.'s Reply at 7-10. However, this argument relies on the incorrect premise that the Plan as it existed in 2011 is the controlling plan. Because the controlling plan is the Plan as it existed in 2013 after section 10110.6 was made effective on January 1, 2012, section 10110.6 is being applied prospectively to plaintiff's ERISA claim rather than retroactively.

[4] In their reply brief, defendants argue for the first time that a state legislative enactment of a statute governing insurance does not constitute an amendment to an ERISA plan. Def.'s Reply at 10-12. The Court notes that it was improper for defendants to wait until their reply brief to raise this argument. Moreover, defendants' argument is foreclosed by the Ninth Circuit's decision in *Stephan*, which held that any statutory provisions in force at the time of a policy renewal are read into the policy. *See* 697 F.3d at 927; *see also UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 376 (1999) (rejecting the defendant's argument because it would leave states "powerless to alter the terms of the insurance

United States District Court
For the Northern District of California

In addition, defendants' reliance on *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917 (9th Cir. 2012) is unpersuasive. Defendants argue that in *Stephan*, the Ninth Circuit analyzed the discretionary provision of the policy at issue in that case as it existed in 2007, even though the plaintiff's claim was denied in 2008 and the policy had an anniversary date of January 1. Docket No. 33, Def.'s Opp'n at 9-11. *Stephan* involved a California Settlement Agreement ("CSA") where the defendant plan administrator agreed to "'discontinue use of a[ny] provision that has the effect of conferring unlimited discretion on [it] or other plan administrator to interpret policy language, or requires an "abuse of discretion" standard of review if a lawsuit ensues . . . in any California Contract sold after the date set forth in Section V.'" *Stephan*, 697 F.3d at 925. Defendants fail to note that in *Stephan* both parties agreed that under the CSA, "policies already extant on the CSA effective date and renewals of such policies are not subject to the Agreement's prohibition on discretionary authority provisions, whereas new policies sold after the CSA Effective Date are subject to the prohibition." *Id.* at 926. Because the policy at issue in *Stephan* was a renewal of a policy that was originally effective June 11, 1999, well before the effective date of the CSA, the policy was not subject to the CSA's prohibition on discretionary authority provisions, regardless of any subsequent renewals. *See id.* at 926-27. Therefore, the passing of the anniversary date on January 1, 2008 had no effect on the policy's discretionary authority provision, and that provision of the policy would have been the exact same in 2007, when the plaintiff became disabled, as it was in 2008, when the plaintiff's claim was denied. Accordingly, a determination of whether the controlling plan was the plan as it existed in 2007 or 2008 was unnecessary to the Ninth Circuit's analysis in *Stephan*. In contrast, here, California Insurance Code § 10110.6 expressly applies to renewals, including policies "continued in force on or after the policy's anniversary date." Cal. Ins. Code § 10110.6(a), (b). Therefore, unlike the policy in *Stephan*, the discretionary authority provision of the Policy in this case was altered on the Policy's January 1, 2012 anniversary date, prior to the denial of plaintiff's claim.[5] Accordingly, because California Insurance Code § 10110.6

---

relationship in ERISA plans").

[5] Defendants' reliance on *Robinson v. Metro. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 44004 (E.D. Cal. Mar. 27, 2013) is also unpersuasive. Def.'s Mot. at 13-14. Unlike in the present case and *Grosz-Salomon*, *Robinson* did not involve an amendment to an ERISA plan after the plaintiff filed his

7

rendered void and unenforceable any provision in the Plan attempting to confer discretionary authority to Liberty Life, plaintiff has shown that as a matter of law the de novo standard of review applies to his ERISA claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment and DENIES defendants' motion for summary judgment.[6]  Docket Nos. 25, 28.

**IT IS SO ORDERED.**

Dated: November 18, 2013

SUSAN ILLSTON
United States District Judge

---

claim but prior to the denial of his claim.  *Robinson* involved a plaintiff covered under a non-ERISA plan that was later turned into an ERISA plan after that plaintiff filed her disability claim.  *See* 2013 U.S. Dist. LEXIS 44004, at *2-3.

[6] Along with their opposition and reply brief, defendants filed objections to certain evidence submitted by plaintiff in support of his filings. Docket Nos. 34, 37. Because the Court's opinion does not reference or rely on the pieces of evidence at issue in the objections, the Court denies as moot defendants' objections.