IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN POLNICKY, | No. C 13-1478 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO SEAL** |
| v. | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY LONG TERM DISABILITY PLAN, | |
| Defendants. | |

A bench trial in the above matter is currently scheduled for June 9, 2014 at 10:00 a.m. In advance of the bench trial, defendants move to file under seal certain documents that will be filed along with plaintiff's Federal Rule of Civil Procedure 52 cross-motion for judgment. Docket No. 46. Plaintiff does not oppose defendants' request to file the documents under seal. Docket No. 46-4.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly

tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because a motion for judgment is a dispositive motion, defendants must satisfy the "compelling reasons" standard.

The documents that defendants move to have filed under seal are portions of Liberty Life's 2004-2005 Claims and Training Manuals. Defendants argue that these documents should be filed under seal because they are confidential, proprietary, commercially sensitive, and are trade secrets of Liberty Life. Docket No. 46-2 McGee Decl. ¶¶ 3-4. Defendants further argue that the public dissemination of this information would cause Liberty Life economic and competitive harm. *Id.* Numerous district courts have found that an "insurer's claims-handling guidelines are trade secrets." *Haldiman v. Cont'l Cas. Co.*, 2014 U.S. Dist. LEXIS 18386, at \*7-8 (D. Ariz. Feb. 13, 2014); *see, e.g.*, *Fay Ave. Props., LLC v. Travelers Prop. & Cas. Co. of Am.*, 2014 U.S. Dist. LEXIS 46185, at \*11 (S.D. Cal. Apr. 2, 2014); *Takata v. Hartford Comprehensive Emple. Benefit Serv. Co.*, 283 F.R.D. 617, 621-22 (E.D. Wash. 2012). "Trade secrets are a unique type of property because the owner's interest is compromised by public disclosure of the secret. If the trade secret becomes generally known, that property right 'extinguishes.'" *Takata*, 283 F.R.D. at 621 (citing *Carpenter v. United States*, 484 U.S. 19, 26 (1987)). Therefore, the Court concludes that defendants have articulated sufficient compelling reasons for sealing the documents at issue, and defendants' request for sealing is narrowly tailored. Accordingly, the Court GRANTS defendants' motion to file under seal. Docket No. 46.

**IT IS SO ORDERED.**

Dated: April 18, 2014

SUSAN ILLSTON
United States District Judge